UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SANTOS HERNANDEZ GOMEZ AND MARIA FELIX LOPEZ ESPINOSA ON BEHALF OF THEIR MINOR SON "YHL" | CIVIL ACTION |
| VERSUS | NO: 16-17046 |
| SHERIFF NEWELL NORMAND, ET AL | SECTION: "H" (4) |

### ORDER AND REASONS

Before the Court is a **Motion to Quash Subpoena *Duces Tecum* (R. Doc. 15)** filed by the Defendant Sheriff Newell Normand ("Defendant") seeking on order of the Court quashing a subpoena issued to the Defendant by the Plaintiffs. The motion is not opposed. The motion was submitted on July 5, 2017 and heard without oral argument. For the following reasons, the motion to quash is **GRANTED.**

### I.   Background

This action was filed in the District Court on December 12, 2016 asserting claims under 42 U.S.C. §§ 1983, 1988 by Plaintiffs Santos Hernandez Gomez and Maria Felix Lopez Espinosa ("Plaintiffs") on behalf of their minor son "YHL." The Plaintiffs have asserted a number of claims against the Defendant and Defendant Sergeant Julio Alvarado arising from the alleged excessive force used against YHL on December 10, 2015 when YHL and a friend were stopped after pulling into a parking lot behind a home on Veterans Memorial Boulevard in Metairie, Louisiana.

At this time, the Defendant has filed a motion to quash a subpoena *duces tecum* issued to him.[1] R. Doc. 15. The Defendant argues that a subpoena issued pursuant to Federal Rule of Civil

---

[1] The subject subpoena was issued to Defendant Jefferson Parish Sheriff's Office. R. Doc. 15-3. "However, a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002)); *see also Marchiafava v. Louisiana Police Dept.*, 2008 WL 2437526, at *2-3 (M.D. La. June 16, 2008) (internal quotation and citation omitted) ("In the case of the Ascension Parish Sheriff's Office, the Louisiana Supreme Court has held that the Sheriff's Department is not a

Procedure 45 is an improper discovery tactic that seeks to circumvent proper discovery between parities conducted pursuant Federal Rule of Civil Procedure 34.

## II. Standard of Review

Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The Court may also modify or quash a subpoena that requires the disclosure of a trade secret or an unretained expert's opinion that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B).

## III. Analysis

At this time, the Defendant has filed a motion to quash the subpoena *duces tecum* issued to him because it is an improper method to obtain discovery from a party to a litigation. R. Doc. 15. The Defendant argues that the Plaintiffs cannot use Rule 45 as a means to circumvent the response times allowed under Federal Rule of Civil Procedure 34 or other procedural protections. R. Doc. 15-1, p. 3.

Certainly, under the wording of Federal Rule of Civil Procedure 45, subpoenas may be served upon both party and non-parties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). And, in some instances, the use of a Rule 45 subpoena may be

---

legal entity capable of being sued. To the contrary, it is the elected Sheriff, not the Parish Sheriff's Office, that is the constitutionally designated chief law enforcement officer of the Parish. Here, the Court finds no law, Constitutional, statutory, or otherwise, that confers upon the Ascension Parish Sheriff's Office the authority to sue or to be sued. The Court also finds no authority that entitles the Ascension Parish Sheriff's Office to function independently of the Ascension Parish Sheriff."). As the Sheriff's Office is not legally independent of the Sheriff, a subpoena issued to the Sheriff's Office is for all purpose a subpoena issued to the Sherriff in his official capacity.

appropriate in commanding the performance of a party, such as commanding a party to appear for a trial, hearing, or deposition. Fed. R. Civ. P. 45(c)(1)(B)(i). However, the Court in this District and others in this Circuit have disallowed the improper use of a Rule 45 subpoena to obtain information or documents more properly discovered under Federal Rule of Civil Procedure 33 or 34. *See Trotta v. Cajun Conti LLC*, No. 15-1186, 2016 WL 6473239, at *1 (E.D. La. Nov. 2, 2016) (collecting authorities) ("As I and others have previously held, plaintiff's use of a Rule 45 subpoena *duces tecum* instead of Rule 34 requests for production must be viewed as an attempt to circumvent the time requirements – 30 days to respond – and other orderly procedures, both for objections to such requests and for production of materials, between parties contemplated by Fed. R. Civ. P. 34."); *Front-Line Promotions & Mktg., Inc. v. Mayweather Promotions*, No. 08-3208, 2009 WL 928568, at *5 (E.D. La. Apr. 2, 2009) ("[P]ursuant to Federal Rule of Civil Procedure 45, a subpoena is an improper mechanism for seeking discovery from a party to the litigation."); *Hamilton v. Ochsner Health Sys.*, No. 12-1398, 2012 WL 6725609, at *3 (E.D. La. Dec. 27, 2012) (Brown, J.); *Powell v. United States*, No. 09-1873, 2009 WL 5184338, at *1 (E.D. La. Dec. 22, 2009) (Vance, J.); *Thomas v. IEM, Inc.,* Civ. A. No. 06–886, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) ("Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation, are generally used to obtain documents from non-parties and are 'clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34.'").

Certainly, there is a certain logic to enforcing this distinction. First, the references in Rule 34 to parties and Rule 45 to non-parties appears to suggest that Rule 34 is the proper tool for discovery between parities. *See Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) ("Rule 45, as well as the advisory committee notes, are replete with references to non-parties. In

fact, the notes to the 1991 amendments presume the Rule's exclusive applicability to non-parties with respect to discovery. Indeed, Rule 34, which unquestionably applies only to parties, illuminates the scope of Rule 45 when it directs that '[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.' Fed. R. Civ. P. 34(c)."). Second, the discovery rules under Rule 34 provides more expansive time periods to respond to or object to discovery request. Fed. R. Civ. P. 34(a)(2)(A). Finally, the discovery procedures have certain safeguards to ensuring proper discovery not found under Rule 45, including specificity of objections under Federal Rule of Civil Procedure 34(a)(2)(C) and an obligation to confer about discovery responses prior to the filing of a motion to compel under Rule 37(a).

Therefore, for the above reasons, the Court grants the motion to quash. Nonetheless, the Court notes that upon reviewing the request discovery that it has some concerns. When the Plaintiffs convert the current discovery requested into a Rule 34 request, the Plaintiffs should review their request to be sure that it does not seek information that may be protected or require an *in camera* inspection by the Court as well as ensure that its requests are not overly broad.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Quash Subpoena *Duces Tecum* (R. Doc. 15**) is **GRANTED.**

New Orleans, Louisiana, this 5th day of July 2017.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**